## No. 771

### STATE ex STANTON v. STANNARD

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6645. Decided Feb. 1, 1926

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

955. PRISON & PRISONERS—The general provision in 2996 GC. that a sheriff's salary shall not exceed $6000 a year is modified by 2997 GC. so that he will receive more if he can feed the prisoners for less than the amount lawfully fixed by the commissioners.

SAYRE, J.

This action was originally brought in the Cuyahoga Common Pleas on June 27, 1923 by E. C. Stanton, Prosecuting Attorney, against Charles B. Stannard who was sheriff of Cuyahoga County. It was claimed that Stannard had entered into a contract with the county Commissioners whereby he was allowed 50 cents per day per prisoner and would return into the county treasury the difference between what the actual cost of feeding was and the amount allowed. It was further claimed that Stannard made false statements of the amount expended by him for the maintenance of prisoners; and that the money has been paid to him based upon these statements; and that he has and is withholding from the county treasury $20,000 thus illegally acquired which he refuses to return.

Stannard admitted that he was allowed 50 cents per day per prisoner but claimed that the actual cost of feeding the prisoners was $0.49-67/100 per day per prisoner. A demurrer to the petition of Stanton was overruled which was reversed by the Court of Appeals. On retrial the court held that the facts stated in the first cause of action were insufficient and that those stated in the second cause of action did not entitle Stanton to recover. Judgment was entered in favor of the sheriff. Error was prosecuted and the Court of Appeals held:

1. Facts alleged in the first cause of action do not state a liability against Stannard because contracts on the part of a public officer to render services required of him for less than the compensation provided are against public policy.

2. It is not the intention of the legislature that a contract be made with the sheriff as to what he will charge; but rather after he had fed the prisoners for a period of three months, to present a bill which the commissioners are to allow except that they are bound by the limitations provided in 2850 GC.

3. Sec. 2750 GC. provides that the sheriff shall be allowed not less than 45 nor more than 75 cents per day for feeding each prisoner and 2996 GC., that the sheriff's salary shall not exceed $6000, while 2997 GC. provides that in addition to their compensation and salary, the commissioners shall make an allowance quarterly to each sheriff for keeping and feeding prisoners.

4. By the statutes, when a sheriff presents his bill at the end of a quarter he may be allowed as much as 75 cents per day per prisoner or only 45 cents, but no less.

5. While the salary of sheriff shall not exceed $6000 per year the next section modifies this general provision so that he will receive more if he can feed the prisoners for less than the amount lawfully fixed.

6. In construing these sections, all must be looked into together for to overlook the language of 2850 and 2997 GC. would not be construction but simple amendment of these sections; the remedy here being with the legislature and not the courts.

Judgment affirmed.

Attorneys—Klein, Harris & Diehm for State ex; Dowling, Dowling and Moriarty for Stannard; all of Cleveland.